# In the United States Court of Federal Claims

No. 19-1028T
Filed: March 10, 2020
NOT FOR PUBLICATION

| | |
|---|---|
| CYNTHIA LEE FARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; RCFC 12(b)(1); Subject-Matter |
| v. ) | Jurisdiction; Tax Refund Claim; 26 |
| ) | U.S.C. § 6532; 26 U.S.C. § 7422(a); 26 |
| THE UNITED STATES, ) | U.S.C. § 7421(a). |
| ) | |
| Defendant. ) | |
| ) | |

*Cynthia Lee Farris*, Branson, MO, plaintiff *pro se*.

*Margaret E. Sheer*, Trial Attorney, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, *G. Robson Stewart*, Assistant Chief, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I.   INTRODUCTION

Plaintiff, *pro se*, Cynthia Lee Farris, brought this action alleging that the government unlawfully collected her assets in connection with the assessment of certain federal income tax for tax years 2000-2017. *See generally* Comp. As relief, plaintiff seeks $56,551.31 in monetary damages from the government. *Id.* at 3.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. for IFP. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

     A.     **Factual Background**

This case is one of several tax refund matters before the Court alleging that the Internal Revenue Service ("IRS") lacks jurisdiction to collect federal income tax and asserting a claim for damages against the United States. Plaintiff, *pro se*, Cynthia Lee Farris, commenced this action on July 17, 2019. *See generally* Compl.

In the complaint, plaintiff alleges that the government injured her by collecting her assets without jurisdiction and filing federal tax liens to recover her unpaid taxes. *Id.* at 1. As relief, plaintiff seeks to recover $56,551.31 in monetary damages and the release of certain federal tax liens. *Id.* at 3; Pl. Resp. at 2.

To support her claim, plaintiff attaches to the complaint certain notices of federal tax liens for tax years 2006-2008 and 2011. Pl. Exs. 4-5. Plaintiff has not, however, provided proof that she pursued a tax refund claim with the IRS for any of the aforementioned tax years prior to commencing this action. *See generally id.* 1-8. (showing that plaintiff has not submitted proof of any tax refund claims). Plaintiff also does not dispute that she failed to satisfy her tax liability for the tax years 2000-2017. *See* Pl. Resp. (showing that plaintiff does not dispute that she did not fully pay her tax liability for tax years 2006-2008 and 2011).

On June 20, 2018, plaintiff filed a petition in the United States Tax Court ("Tax Court") alleging that she had not received notices of deficiency or notices of determination for tax years 2000-2017. *See* Compl. at 2; Pl. Ex. 2. The Tax Court dismissed the case for lack of jurisdiction on October 10, 2018. Pl. Exs. 2, 7.

Thereafter, plaintiff commenced this action. *See generally* Compl.

     B.     **Procedural Background**

On July 17, 2019, plaintiff commenced this action and filed a motion to proceed *in forma pauperis*. *See generally id.*; Pl. Mot. for IFP.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."). Except where otherwise noted, the facts recited here are undisputed.

On September 16, 2019, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On November 1, 2019, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On November 15, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court addresses the pending motion.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court grants parties that are proceeding *pro se* greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). But, this Court has recognized that "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, the Court may excuse ambiguities in plaintiff's complaint, but, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). And so, the *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider a claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction and she must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the

subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In particular, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

### C. Tax Refund Claims

The Tucker Act authorizes this Court to adjudicate certain tax refund claims against the government. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *see also Ont. Power Generation v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *Shore v. United States*, 9 F.3d 1524, 1525 (Fed. Cir. 1993). The Court's jurisdiction to entertain tax refund cases is, however, limited to those situations where the taxpayer has complied with the relevant provisions of the Internal Revenue Code. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).

In this regard, the applicable requirements in the Internal Revenue Code are set forth in 26 U.S.C. § 7422(a), which provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected

> without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). And so, this Court does not possess subject-matter jurisdiction to consider a claim to recover internal revenue tax, unless the taxpayer first files a claim for a tax refund with the IRS. *Strategic Hous. Fin. Corp. of Travis Cty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010).

In addition, title 26, United States Code, section 6532(a) requires that a taxpayer wait six months from the date on which the taxpayer filed a tax refund claim with the IRS before filing suit in this Court. 26 U.S.C. § 6532(a)(1). The only exception to this rule is that the taxpayer may immediately commence suit in this Court if the IRS rejects the taxpayer's tax refund claim. *Id.* And so, the Court must dismiss a tax refund claim for lack of subject-matter jurisdiction if the complaint is filed less than six months after the taxpayer filed a tax refund claim with the IRS, unless the IRS has already rejected the claim. *Dumont v. United States*, 345 F. App'x 586, 590 (Fed. Cir. 2009).

A plaintiff must also abide by the "full payment rule," which requires that a taxpayer fully pay the federal income tax at issue prior to bringing a suit for a tax refund in this Court. *Flora v. United States*, 357 U.S. 63, 75 (1958); *accord Shore*, 9 F.3d at 1527 ("The Flora full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action . . . ."). And so, the Court does not possess jurisdiction to consider a tax refund claim if a tax deficiency exists. *Shore*, 9 F.3d at 1526-27.

Lastly, the United States Court of Appeals for the Federal Circuit has held, that this Court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS. *Ledford*, 297 F.3d. at 1382. And so, such claims must be brought before a United States district court. *Id.*; *see also Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL 1664690, at *2 (Fed. Cl. April 6, 2018) (holding that the Court does not possess subject-matter jurisdiction to consider damages claims resulting from unauthorized

collection actions, or failure to release a lien under either 26 U.S.C. §§ 7432(a) or 7433(a)).[2]

This Court is similarly without jurisdiction to entertain claims challenging the imposition of tax liens. *Zolman*, 2018 WL 1664690 at *1-2. And so, such claims must also be brought before a United States district court by a third party, and not by the taxpayer. *Id.*

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter upon the ground that the Court does not possess subject-matter jurisdiction to consider plaintiff's claims, pursuant to RCFC 12(b)(1). Def. Mot. at 6-9. For the reasons discussed below, plaintiff has not met her burden to show that any of her claims fall within this Court's limited jurisdiction under the Tucker Act. Plaintiff has shown, however, that she may proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

### A. The Court May Not Consider Any Of Plaintiff's Claims

#### 1. The Court May Not Consider Plaintiff's "Wrongful Collection" Claim

As an initial matter, to the extent that plaintiff alleges a wrongful collection claim against the government, the Court must dismiss her claim. In the complaint, plaintiff alleges that the

---

[2] Section 7432(a) of the Internal Revenue Code provides that:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

I.R.C. § 7432(a). Section 7433(a) of the Internal Revenue Code provides, in relevant part, that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

I.R.C. § 7433(a).

government collected her assets without jurisdiction and "took wrongful action" in filing certain federal tax liens. Compl. at 1. But, the United States Court of Appeals for the Federal Circuit has held that this Court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS, and that such claims must be brought before a United States district court. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002); *see also Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL 1664690, at *2 (Fed. Cl. April 6, 2018) (holding that the Court does not possess subject-matter jurisdiction to consider damages claims resulting from unauthorized collection actions, or failure to release a lien under either 26 U.S.C. §§ 7432(a) or 7433(a)).

The Court is similarly without jurisdiction to entertain plaintiff's claim challenging the IRS's imposition of tax liens, because such claims must also be brought before a United States district court by a third party. *Zolman*, 2018 WL 1664690, at *1-2. And so, the Court must dismiss plaintiff's wrongful collection claims for want of subject-matter jurisdiction.[3]

### 2. The Court May Not Consider Plaintiff's Tax Refund Claim

To the extent that plaintiff's claim can be construed as a tax refund claim, the Court must also dismiss this claim because plaintiff has not satisfied the jurisdictional requirements to bring such a claim in this Court. As the government correctly observes in its motion to dismiss, plaintiff must have: (1) timely filed a refund claim and (2) fully paid her tax liability before commencing this action, to invoke the jurisdiction of this Court. Def. Mot. at 6; 26 U.S.C. § 7422(a); *Shore v. United States*, 9 F.3d 1524, 1526-27 (Fed. Cir. 1993).

Plaintiff has not shown that she can satisfy either of these jurisdictional requirements. First, plaintiff has not provided proof that she timely filed a tax refund claim for any of the tax

---

[3] It is also well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort."); *see also Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims."). And so, to the extent that plaintiff asserts a tort claim against the government, the Court must dismiss this claim.

years at issue in this case. *See* Pl. Exs. 1-8 (showing that plaintiff did not provide proof of a tax refund claim for any of the tax years at issue). Plaintiff also does not dispute that she did not fully pay her tax liability for tax years 2006-2008 and 2011. *See generally* Pl. Resp. (showing that plaintiff does not dispute that she did not fully pay her tax liability for tax years 2006-2008 and 2011); *see also* Def. Ex. A at 32-49, 56-59. Given this, the Court must dismiss plaintiff's tax refund claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### B. Plaintiff May Proceed *In Forma Pauperis*

As a final matter, plaintiff has persuasively moved to proceed in this matter without paying the Court's filing fee. *See generally* Pl. Mot. for IFP. In her application to proceed *in forma pauperis*, plaintiff states that she is not employed and that she is unable to pay the Court's filing fee. *Id.* This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the jurisdictional issues raised in the complaint. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* for this purpose.

### V. CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis;* and

3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge